Submitted October 9, affirmed November 18, 2020

DARREN PAUL POLLOCK,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
14111225P; A170196

478 P3d 599

Dale Penn, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the opening brief for appellant. Darren Pollock filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying his petition for post-conviction relief from his convictions for six counts of first-degree sodomy. We affirm, rejecting all of his assignments of error, save one, without further written discussion.

In his second assignment of error, petitioner challenges the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective, in violation of petitioner's rights under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, for not objecting to certain rebuttal testimony by a detective. Petitioner had testified earlier that the detective, when interviewing him, had asked petitioner if he knew what the penalties were for the crimes that the victim alleged against him. On rebuttal, the detective responded to that testimony, stating that petitioner was "not being honest with his testimony in regards to how that issue came up" and explaining that petitioner, not the detective, was the one who brought up the issue of the potential penalties during their interview. Petitioner contends that constitutionally adequate counsel would have objected to the detective's testimony as impermissible vouching and, further, that counsel's failure to object was prejudicial.

We disagree. Regardless of whether counsel should have objected, the post-conviction court correctly concluded that the failure to object did not prejudice petitioner.

Counsel's failure to object would have prejudiced petitioner only if it "could have tended to affect the outcome of the case." *See Stau v. Taylor*, 302 Or App 313, 323, 461 P3d 255, *rev den*, 366 Or 827 (2020) (reciting standard for prejudice). As we previously have recognized, testimony from a witness that has the effect of acknowledging that, if that witness's testimony is true, other witnesses must be lying, does not constitute "true vouching." *State v. Abbott*, 274 Or App 778, 788-90, 362 P3d 1171 (2015), *rev den*, 358 Or 794 (2016). That is because such testimony tends merely to underscore a conflict in testimony and does not tend to "bolster or undermine" another witness's testimony. *Id.* at 788. Further, where such testimony simply emphasizes a

conflict in the evidence that would have been clear to the jury one way or another, it will often be difficult to say that the admission of the testimony, even if improper, had any likelihood of affecting the jury's verdict. *See id.* at 790-91 (concluding admission of similar evidence was harmless where it "did no more than emphasize what already must have been clear to the jurors").

That is the case here. The detective's testimony that petitioner asserts should have been objected to was, in effect, an acknowledgment that, if the detective was telling the truth, then defendant was lying. On the record before it, that is something the jury in all likelihood would have recognized on its own. The admission of the challenged statement therefore could not have tended to affect the outcome of the case, even if counsel exercising reasonable professional skill and judgment may have had a meritorious vouching objection to lodge against it.

Affirmed.